## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

LUIS FERNANDO MORALES-RIVERA,

       Applicant,

v.                                      No. CV 10-754 RB/WPL

RAY TERRY, Warden, Otero County
Detention Center,

       Respondent.

## ORDER TO SUPPLEMENT THE RECORD

This matter is before me on Luis Fernando Morales-Rivera's petition for a writ of habeas corpus and Ray Terry's motion to dismiss.  (Doc. 1; Doc. 11.)  Morales-Rivera claims that he has been in the custody of Immigration and Customs Enforcement (ICE) for more than sixteen months, and he argues that this prolonged detention violates his due process rights.  Terry argues that the petition is not ripe because Morales-Rivera has not been subject to a final order of removal.  For the reasons stated below, I order Terry to supplement the record by briefing the relevant issues and providing the records of Morales-Rivera's immigration proceedings.

### BACKGROUND

Morales-Rivera is currently detained at the Otero County N.W. Processing Center by Immigration and Customs Enforcement (ICE).  (Doc. 1 at 1-2.)  Morales-Rivera is a citizen of the Republic of Mexico.  He has been in ICE custody since either June 16, 2009 or July 20, 2009.  (Doc. 1 at 3; Doc. 11 at 2.)  He states that he was ordered removed on June 21, 2010.  (Doc. 1 at 3.)  He brought this petition asserting that his continued detention beyond a six month period is unlawful under 8 U.S.C. § 1231(a)(6), as it has been interpreted by the Supreme Court in *Zadvydas v. Davis*,

533 U.S. 678 (2001).  (Doc. 1 at 7.)  Terry, however, states that there has not yet been a final order of removal.  (Doc. 11 at 1; Doc. 11 Ex. 1 at ¶ 7.)  Thus, he argues, the petition is not ripe.  (Doc. 11 at 1.)

Terry makes his argument in a mere three pages, and provides as his exhibits a sole affidavit by Enrique Davila, Assistant Field Office Director for Detention and Removal for ICE.  (*See* Doc. 1; Doc. 11 Ex. 1.)  The bulk of Terry's argument is spent discussing issues that apply only after there has been a final order of removal.  (Doc. 11 at 2-3.)  In his argument, Terry misconstrues 8 U.S.C. § 1231(a)(2) by omitting that the section applies only to immigrants who have been convicted of specific crimes.  (*See* Doc. 11 at 2-3.)  Terry does not discuss whether Morales-Rivera fits in that category of individuals.  Terry neither makes an argument relevant to the issue of ripeness nor addresses whether Morales-Rivera's detention is a violation of his Fifth Amendment rights.

## ANALYSIS

To be justiciable under Article III, a claim must involve a ripe controversy.  U.S. CONST. art. III, § 2, cl. 1; *see also Abbott Lab. v. Gardner*, 387 U.S. 136, 148-49 (1967), *overruled on other grounds by Califano v. Sanders*, 430 U.S. 99, 105 (1977).  In determining whether an issue is ripe for judicial review, the Supreme Court has directed courts to consider both the fitness of the issue for review and the resulting hardship to the parties if the court does not review the issue. *Abbott Lab.*, 387 U.S. at 149; *see also Morgan v. McCotter*, 365 F.3d 882, 890 (10th Cir. 2004).  An issue is fit for review where uncertain or contingent future events will not alter the necessity for review. *See Morgan*, 365 F.3d at 890; *New Mexicans for Bill Richardson v. Gonzales*, 64 F.3d 1495, 1499 (10th Cir. 1995).  To determine the resulting hardship to the parties, the court should ask "whether the challenged action creates a direct and immediate dilemma for the parties." *Morgan*, 365 F.3d at 891 (quoting *New Mexicans for Bill Richardson*, 64 F.3d at 1499).

2

As far as can be determined from Terry's response, Terry contends that Morales-Rivera's petition is not ripe because there is no final order of removal. (*See* Doc. 11.) Therefore, Terry asserts that *Zadvydas* does not apply. (*See id.*)  While the petitioner used a form to bring his application for a writ of habeas corpus that cites *Zadvydas*, the form also raises issues of Due Process under the Fifth Amendment. (*See* Doc. 1 at 7-8.)  Morales-Rivera's supplement to his petition similarly references due process. (*See* Doc. 5.)  Construing his petition and supplement liberally, *see United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009) (citation omitted), Morales-Rivera has raised a claim that his continued detention violates his Fifth Amendment Due Process rights.

On its facts, *Zadvydas* dealt with immigrants in post-removal detention, and the Supreme Court applied a "reasonable time" limitation in that circumstance. 533 U.S. at 688-89; *see also Clark v. Martinez*, 543 U.S. 371, 386 (2005).  However, at issue in this case is whether Morales-Rivera's detention of at least fifteen months awaiting a final removal decision is constitutional.  Because the government has provided no information about the basis under which Morales-Rivera is being detained, I cannot rule on the government's motion.

It appears from the limited record before me that Morales-Rivera is being held pursuant to 8 U.S.C. § 1226(a), in which case he may be entitled to some due process protections. *See Casas-Castrillon v. Dep't of Homeland Sec.*, 535 F.3d 942, 948-52 (9th Cir. 2008); *Constant v. Holder*, 352 F. App'x 692, 694-96 (3rd Cir. 2009); *Martinez v. Aviles*, No. 10-5083, 2010 WL 4064797, at *3 (D.N.J. Oct. 14, 2010).  It is possible, however, that Morales-Rivera is being detained under the mandatory detention provision of 8 U.S.C. § 1226(c).  If so, though the Supreme Court has held that § 1226(c) detention is constitutionally permissible, *Demore v. Kim*, 538 U.S. 510, 531 (2003), some circuits have found that prolonged detention of immigrants under this statute raises serious

constitutional problems. *Tijani v. Willis*, 430 F.3d 1241, 1242 (9th Cir. 2005); *Ly v. Hansen*, 351 F.3d 263, 271-72 (6th Cir. 2003).

Morales-Rivera has been detained for at least fifteen months. (*See* Doc. 1 at 4; Doc. 11 at 2.) He has asserted that his continued detention is unconstitutional. (*See* Doc. 1 at 7-9.) While Terry filed an answer to the petition, the answer did not address Morales-Rivera's claims. (*See* Doc. 11.) I order Terry to answer Morales-Rivera's allegation that his pre-final removal order detention of at least fifteen months is unconstitutional. In so doing, Terry should address both whether pre-final removal order detention implicates the Constitution and whether Morales-Rivera's detention is constitutional. I further order that Terry submit all materials relevant to Morales-Rivera's immigration proceedings.

IT IS SO ORDERED.

WILLIAM P. LYNCH
UNITED STATES MAGISTRATE JUDGE

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any *pro se*
party as they are shown on the Court's docket.

4